UNITED STATES of America,
Plaintiff–Appellee,

v.

Dean Thomas MORTON, JR.,
Defendant–Appellant.

No. 04–40694.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

Michelle S. Englade, Assistant U.S. Attorney, U.S. Attorney's Office Eastern District of Texas, Beaumont, TX, for Plaintiff–Appellee.

Frank Warren Henderson, Amy R. Blalock, Assistant Federal Public Defenders, Federal Public Defender's Office Eastern

District of Texas, Tyler, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Dean Thomas Morton, Jr., appeals following his guilty plea to possession with intent to distribute less than 100 grams of a mixture containing a detectible amount of phencyclidine. The Government has waived Morton's appeal waiver in the plea agreement by not seeking to enforce it. *See United States v. Story*, 439 F.3d 226, 230 (5th Cir.2006).

Morton argues that his sentence is invalid in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court applied the Sentencing Guidelines as if they were mandatory. We review for plain error. *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). To prevail under a plain-error analysis, Morton must show, among other things, that the error prejudiced him by adversely affecting his substantial rights. *See id.* at 733.

Morton fails to identify anything in the record to suggest that his sentence would have been lower had the court applied the Sentencing Guidelines as advisory rather than mandatory. *See id.* He thus fails to establish prejudice to his substantial

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

448

rights. *See id.* The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.